■ CHILD SCHOOL, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [617 NYS2d 728] —Determination of the respondent Commissioner of the State Division of Human Rights, dated July 19, 1993, which found that petitioner discriminated against the complainant on the basis of pregnancy and awarded the complainant reinstatement, $50,000 for mental anguish and back pay with prejudgment interest from July 25, 1986, unanimously modified, to the extent of reducing the amount awarded for mental anguish to $5,000 and reducing the amount awarded for back pay to $13,870 with prejudgment interest from the date of the Commissioner's order, and the proceeding brought pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, New York County [Bruce McM. Wright, J.], entered October 19, 1993) is otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports the agency's determination that petitioner's stated reasons for not reemploying the complainant were pretexts for discriminating against her because she recently gave birth *(see, St. Mary's Honor Ctr. v Hicks,* 509 US —, 113 S Ct 2742; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179-182, 183). We find the awards for mental anguish *(cf., Kelley v Analytab Prods.,* 204 AD2d 113; *Matter of Unitel Video v New York State Div. of Human Rights,* 147 AD2d 377), back pay *(see, State Univ. Agric. & Tech. Coll. v State Div. of Human Rights,* 134 AD2d 339), and prejudgment interest *(see, State Div. of Human Rights v Massive Economic Neighborhood Dev.,* 47 AD2d 187) excessive to the extent indicated. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.