OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Appellant argues that the gender discrimination complaint against it under Executive Law § 296 should be dismissed because the State Division of Human Rights (SDHR) delayed 11 years before holding a hearing on the complaint, and then delayed its order for another three years. Ultimately, SDHR awarded complainant two years of back pay, and it also awarded damages for mental anguish that were subsequently reduced by the Appellate Division.
This Court has previously rejected the argument that a long administrative agency delay in deciding a discrimination claim is per se prejudicial, and thus requires dismissal (Matter of Corning Glass Works v Ovsanik, 84 NY2d 619, 623-624 [State agency]; Matter of Harris & Assocs. v deLeon, 84 NY2d 698, 702 [New York City agency]). As those cases make clear, although the length of a delay is an important criterion in the analysis, the party protesting the delay must show substantial actual prejudice.
A "close scrutiny” of the record, as required here (Matter of Corning Glass Works v Ovsanik, supra, 84 NY2d, at 626), reveals no substantial actual prejudice. Appellant points to no specific evidence that was lost, and it does not claim that necessary witnesses were unavailable. Appellant’s two witnesses who testified at the hearing were able to describe both the events surrounding complainant’s termination and how male employees with short-term disabilities were treated. This testimony came without difficulties owing to memory loss regarding the issues upon which SDHR based its finding of discrimination (see, Matter of Harris & Assocs. v deLeon, supra, 84 NY2d, at 704-705 [ultimate finding of discrimination not based on topics upon which memories had dimmed]).
Despite SDHR’s assertion that it is making substantial efforts to reduce its backlog of cases, we reiterate our serious concern about the negative systemic effects of the agency’s protracted delays. The interests of the parties and the larger societal interest in proper administration of the executive agency segment of the justice system require more than mere representations.
*934 Appellant’s remaining claims are without merit.