■ GEORGESON & COMPANY, INC., Petitioner, v MARIANNE STEWART et al., Respondents. [700 NYS2d 9] —Determination of respondent agency dated October 16, 1998, which found that petitioner employer discriminated against respondent claimant on the basis of sex, and awarded the claimant back pay from the date on which her severance payments ended to the date of the Administrative Law Judge's decision, $25,000 for mental anguish and $2,724 for out-of-pocket expenses, unanimously confirmed, the petition denied and the proceeding (transferred to this Court by order of the Supreme Court, New York County [Elliott Wilk, J.], entered January 29, 1999) dismissed, without costs.

The agency's finding that petitioner discriminated against the claimant on the basis of sex is supported by substantial evidence. The record shows promotions and regular pay increases given to the claimant and other indications of her satisfactory performance, the lay-off of only female employees in the

claimant's investor relations department, the retention of the claimant's male peer in investor relations despite an unfavorable evaluation by his immediate supervisor, the pay differential between petitioner and that male peer for three years, the continuation of investor relations services after the claimant's termination, and petitioner's hiring of a male for a position involving investor relations created less than a year after the claimant's termination and for which the claimant was not considered. We see no reason to disturb the agency's credibility findings rejecting petitioner's claims that it did not consider the claimant for the position given to her male peer or the newly created one because it was unaware of her qualifying credentials and dissatisfied with her performance on an earlier project, and did not lay off the male peer because he did particularly good work (*see, Child School v New York State Div. of Human Rights*, 208 AD2d 478, citing *St. Mary's Honor Ctr. v Hicks*, 509 US 502, and *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-182). The remedial portion of the agency's order, including the refusal to award front pay, the refusal to award interest on the back pay, and the calculation and duration of back pay, was an appropriate exercise of discretion (*see, Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 217, citing, *inter alia, Matter of Mize v State Div. of Human Rights*, 33 NY2d 53). The award for mental anguish is appropriate. We have considered and rejected the claimant's argument that the finding of no age-based discrimination is not supported by substantial evidence. Concur—Ellerin, P. J., Tom, Rubin, Andrias and Buckley, JJ.