■ In the Matter of SUSAN KONDRACKE et al., Respondents, v JEROME H. BLUE, as Commissioner of New York State Division of Human Rights, et al., Respondents. NEW YORK STATE OFFICE OF MENTAL HEALTH, Respondent. [716 NYS2d 533] —Determination unanimously confirmed without costs and petition and cross petition dismissed. Memorandum: Petitioner Susan Kondracke, a registered nurse, filed a complaint of sexual harassment with the New York State Division of Human Rights (Division) while employed by respondent New York State Office of Mental Health (OMH) at respondent Western New York Children's Psychiatric Center (Center). Petitioner Carmen Burgos, an aide working at the Center, filed a complaint of racial discrimination and sexual harassment with the Division. Following a 23-day public hearing, the Administrative Law Judge (ALJ) found that OMH and the Center had discriminated against petitioners and that petitioners were subjected to a hostile work environment. The ALJ awarded petitioners back pay, front pay until they were able to return to full-time employment, and damages for mental anguish. Petitioners and OMH filed objections to the findings of the ALJ. Respondent Commissioner of the Division adopted the findings of the ALJ that OMH and the Center had discriminated against petitioners, but reduced the ALJ's award of damages for mental anguish for Kondracke from $800,000 to $400,000. The Commissioner adopted the ALJ's award of $350,000 for mental anguish for Burgos and the award for both petitioners for back pay. The Commissioner determined, however, that petitioners were not entitled to an award of front pay. Petitioners filed a petition and OMH filed a cross petition seeking review of the Commissioner's determination pursuant to Executive Law § 298.

We reject the contention of OMH that the Commissioner's determination that it condoned the hostile work environment is not supported by substantial evidence. Petitioners testified

to numerous instances in which they reported the harassment and discrimination by their co-workers to their superiors, but nothing was done to stop the offensive conduct. Petitioners eventually approached the police in an effort to stop the harassment and physical intimidation, but even then, the Center and OMH did not want to get involved. The Commissioner's determination that OMH condoned the hostile work environment is supported by substantial, if not overwhelming, evidence (*see, Matter of Grand Union Co. v Mercado,* 263 AD2d 923, 925; *see generally, Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687; *Matter of Totem Taxi v New York State Human Rights Appeal Bd.,* 65 NY2d 300, 305, *rearg denied* 65 NY2d 1054).

An award of damages for mental anguish will be upheld where, as here, it is reasonably related to the wrongdoing, is supported by substantial evidence (*see, Matter of New York City Tr. Auth. v State Div. of Human Rights,* 78 NY2d 207, 218-219; *Matter of Harp v New York State Div. of Human Rights,* 237 AD2d 898, 899; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44, 57, *lv denied* 89 NY2d 809), and is comparable to awards for similar injuries (*see, e.g., Matter of Town of Hempstead v New York State Div. of Human Rights,* 233 AD2d 451, 452, *appeal dismissed* 89 NY2d 1029, *lv denied* 90 NY2d 807; *Matter of New York City Tr. Auth. v State Div. of Human Rights,* 181 AD2d 891, 895, *lv denied* 80 NY2d 762). Both petitioners suffered from major depression, panic disorder, and posttraumatic stress disorder that were causally related to the harassment and discrimination they endured at the Center over several months. The incidents of harassment and discrimination were numerous and continuous throughout their employment at the Center and included threats of physical harm by their co-workers. Contrary to OMH's contention, the awards are not excessive or punitive. There was sufficient proof of the severity, the consequences and the duration of the effects on petitioners of the harassment and discrimination by the Center's employees (*cf., Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights,* 225 AD2d 856, 859). Contrary to petitioners' contention, an award of $800,000 for mental anguish for Kondracke, as recommended by the ALJ, would be excessive and is not comparable to awards for similar injuries.

Petitioners contend that the Commissioner's determination not to award them front pay is not supported by substantial evidence. We disagree. The Commissioner has broad powers to

"fashion a remedy to make the victim whole for injuries suffered as a result of discriminatory employment practices" (*Matter of Beame v DeLeon,* 87 NY2d 289, 297; *see, Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72, 79). Both Kondracke and Burgos have worked for periods of time following the filing of their complaints with the Division, and thus the Commissioner's refusal to award front pay was an appropriate exercise of discretion (*see, Georgeson & Co. v Stewart,* 267 AD2d 126, 127, *lv denied* 95 NY2d 758) and is supported by substantial evidence.

Contrary to OMH's contention, this proceeding pursuant to the Human Rights Law is not barred by res judicata because of petitioners' prior action pursuant to the Workers' Compensation Law. Res judicata is inapplicable here, where petitioners were statutorily precluded from obtaining complete relief, i.e., compensatory damages, in the worker's compensation action (*see generally, LaDuke v Lyons,* 250 AD2d 969, 970-971). In addition, the exclusivity provisions of the Workers' Compensation Law do not bar this proceeding pursuant to the Human Rights Law (*see, Matter of Grand Union Co. v Mercado, supra,* at 925). The Commissioner properly directed OMH and the Center to pay Kondracke and Burke lost wages, "less actual earnings," including any worker's compensation benefits or other benefits that they received.

Finally, OMH contends that it has been substantially prejudiced by the 3½ year delay in the disposition of this matter. "[T]he mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury" (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818). The delay here was not unreasonable; almost half of the delay is attributable to OMH, and most of the remaining delay is attributable to normal scheduling issues or time needed to review the submissions. In any event, OMH failed to establish before the Commissioner that it suffered substantial actual prejudice from the delay (*see, Matter of Diaz Chem. Corp. v New York State Div. of Human Rights,* 91 NY2d 932, 933). (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Erie County, Sedita, Jr., J.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.