■ RAINER N. MITTL, OPHTHALMOLOGIST, P.C., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. MAYRA RIVERA-MALDONADO, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [764 NYS2d 39] —Upon remittitur from the Court of Appeals (100 NY2d 326 [2003]), the determination of respondent Division of Human Rights, dated October 19, 2000, which awarded Mayra Rivera-Maldonado $168,414.17 in back wages and $10,000 in compensatory damages, unanimously modified, on the law, so as to reduce the award of back wages to $21,862.76, and otherwise affirmed, without costs.

In considering whether the award of back pay is supported by substantial evidence, we note Dr. Mittl's testimony that by April 1991, the new Medicare laws made it uneconomical to maintain receptionists in both his offices, so he ceased maintaining a receptionist in his Manhattan office, having all the Manhattan paperwork performed by the staff in his Brooklyn office, and all the telephone calls routed to the Brooklyn office. Ms. Rivera-Maldonado produced no evidence to rebut Dr. Mittl's claim, but merely argued that the moving of her assigned tasks to the Brooklyn office was not the same as eliminating her position.

"The purpose of a back pay award is * * * not to punish an employer or provide a windfall to the employee" (*Meling v St. Francis Coll.*, 3 F Supp 2d 267, 275 [1998] [citation omitted]). If the position at issue has since been eliminated, the burden is on the claimant to proffer sufficient evidence to support a finding that a similar position still existed (*Bartek v Urban Redevelopment Auth.*, 882 F2d 739, 747 [1989]). Here, Ms. Rivera-Maldonado failed to produce any evidence from which to infer that she would nevertheless have been retained by Dr. Mittl. Because the Commissioner failed to take into account Dr. Mittl's undisputed evidence that the position was subsequently eliminated, we conclude that substantial evidence failed to support an award of back pay beyond the date Dr. Mittl eliminated her position. We therefore reduce her back pay award to the period from February 27, 1990 to April 30, 1991.

While an order after a hearing in front of the State's Human Rights Division "*may* include a directive for the payment of interest on any money awarded" (9 NYCRR 465.17 [b] [emphasis supplied]), it was not an abuse of discretion for the Commissioner to fail to include interest on the award of back pay (*see Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 27 [2002]). Concur—Tom, J.P., Mazzarelli, Andrias and Saxe, JJ.