■ WENDY L. KERN, Appellant-Respondent, v CITY OF ROCHESTER et al., Respondents, and ROCHESTER FIREFIGHTERS ASSOCIATION, INC., LOCAL 1071, IAFF, Respondent-Appellant. [784 NYS2d 461]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered October 29, 2003. The order, insofar as appealed from, granted in part the motion of defendant Lloyd Eldridge and the cross motion of defendants City of Rochester, Fire Department of the City of Rochester, Police Department of the City of Rochester, and Charles D. Ippolito, individually and as former Chief of the City of Rochester Fire Department, for summary judgment, denied that part of the cross motion of plaintiff for partial summary judgment against defendants City of Rochester, Fire Department of the City of Rochester, Police Department of the City of Rochester, Charles D. Ippolito, individually and as former Chief of the City of Rochester Fire Department, and Rochester Firefighters Association, Inc., Local 1071, IAFF, and denied that part of the

cross motion of defendant Rochester Firefighters Association, Inc., Local 1071, IAFF, for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the cross motion of defendant Rochester Firefighters Association, Inc., Local 1071, IAFF, with respect to the first two causes of action insofar as they allege retaliatory discharge against it and dismissing those causes of action to that extent against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for, inter alia, sexual discrimination in violation of the Human Rights Law (Executive Law art 15). Plaintiff alleges that, during the course of her employment with defendant Rochester Firefighters Association, Inc., Local 1071, IAFF (Local 1071), she was subjected to a constant, pervasive pattern of sexual harassment by her supervisor, defendant Daniel Cavuoto, whom she sued both individually and as President of Local 1071. Plaintiff alleges that the verbal and physical harassment by Cavuoto created a hostile working environment and culminated in a sexual assault by Cavuoto at the workplace.

Supreme Court properly denied that part of the cross motion of plaintiff seeking partial summary judgment on the complaint insofar as it alleges the violation of the Human Rights Law by all defendants with the exception of Local 1071, Cavuoto and defendant Lloyd Eldridge (hereafter, City defendants) and properly granted that part of the cross motion of the City defendants seeking summary judgment dismissing the complaint against them. The City defendants submitted proof establishing that they neither participated in nor aided and abetted the alleged discriminatory acts (*see Jews for Jesus v Jewish Community Relations Council of N.Y.*, 79 NY2d 227, 233 [1992]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court also properly granted that part of the motion of Eldridge seeking summary judgment dismissing the complaint against him. Like the City defendants, Eldridge submitted proof establishing that he neither participated in nor aided and abetted the alleged discriminatory acts, and plaintiff's speculation to the contrary is insufficient to raise a triable issue of fact (*see Grullon v City of New York*, 297 AD2d 261, 263-264 [2002]).

We further conclude that the court properly denied that part of plaintiff's cross motion seeking partial summary judgment on the first two causes of action insofar as they allege retaliatory discharge against Local 1071 but erred in denying that part of

the cross motion of Local 1071 seeking summary judgment dismissing those causes of action to that extent against it. Thus, we modify the order accordingly. Local 1071 presented proof establishing a legitimate, non-retaliatory reason for its decision not to renew plaintiff's contract of employment, thus rebutting plaintiff's prima facie case of retaliation, and plaintiff failed to raise an issue of fact whether Local 1071's articulated reason was a pretext for discrimination (*see Baliva v State Farm Mut. Auto. Ins. Co.* [appeal No. 2], 286 AD2d 953, 954-955 [2001]; *cf. Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.*, 71 NY2d 623, 632 [1988]).

We conclude that the court properly denied that part of the cross motion of plaintiff seeking partial summary judgment on the remainder of the complaint insofar as it alleges the violation of the Human Rights Law by Local 1071, and properly denied that part of the cross motion of Local 1071 seeking summary judgment dismissing the remainder of the complaint against it. The record raises triable issues of fact whether Local 1071 may be held accountable either directly or for condoning the alleged acts of sexual harassment by its President, Cavuoto (*see generally Matter of Kondracke v Blue*, 277 AD2d 953, 953-954 [2000]; *Matter of Grand Union Co. v Mercado*, 263 AD2d 923, 924 [1999]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 54-55 [1996], *lv denied* 89 NY2d 809 [1997]). Finally, the court properly granted Local 1071's cross motion to the extent that it sought to strike that part of the prayer for relief for punitive damages "under [plaintiff's] NY Human Rights Law cause[s] of action" (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 498-499 [1992], *rearg denied* 81 NY2d 835 [1993]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.