■ In the Matter of MARVIN KOWALEWSKI, Petitioner-Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent-Petitioner, and DONNA RUGGIERO, Respondent. [809 NYS2d 347]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [John W. Grow, J.], entered July 6, 2005) to review a determination of respondent New York State Division of Human Rights. The determination found after a public hearing, among other things, that petitioner discriminated against respondent Donna Ruggiero because of her sex by creating a hostile work environment.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs, the petition is dismissed, and the cross petition is granted in part in accordance with the following Memorandum: Respondent Donna Ruggiero (complainant) filed a complaint in October 1989 with respondent-petitioner, New York State Division of Human Rights (SDHR), alleging unlawful discriminatory practices against her employer. Specifically, complainant alleged that petitioner-respondent (petitioner), the owner of the company where complainant was employed, touched her in a sexual manner and made sexual comments to her on a daily basis, thereby causing her to endure public humiliation. In May 1994 SDHR amended the complaint by adding the petitioner herein as a respondent, and SDHR referred the case for a "public hearing" on unlawful discriminatory practices pursuant to Executive Law § 298. Following the hearing, which was conducted in May and July of 2002, the Commissioner of SDHR (Commissioner) awarded complainant the sum of $35,000 for her mental anguish and humiliation. Pursuant to Executive Law § 298 and 22 NYCRR 202.57, petitioner seeks "review and annulment" of the Commissioner's order, while respondent cross-petitions for an order of enforcement directing petitioner and the company where complainant was employed to comply with the Commissioner's order with respect to the award of damages. We deny the petition and grant the cross petition in part by directing petitioner to pay complainant the sum of $35,000, together with interest at the rate of 9% per annum, commencing October 1, 2004.

We reject the contention of petitioner that he suffered "substantial actual prejudice" based on the 12-year period between the filing of the complaint and the hearing conducted thereon because two witnesses died during that period (*Matter of Diaz Chem. Corp. v New York State Div. of Human Rights*, 91 NY2d 932, 933 [1998]; *see Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 623-624 [1994]). Petitioner has not

established that the two witnesses were "necessary witnesses" whose absence caused "substantial actual prejudice" to petitioner (*Diaz Chem. Corp.*, 91 NY2d at 933). The record establishes that the testimony of one of those witnesses, complainant's supervisor, merely would have been cumulative of the testimony of five other witnesses. Two of those five witnesses sat at complainant's work table each day, and those five witnesses provided testimony that was favorable to petitioner, i.e., they testified that they never witnessed any sexual comments or conduct by petitioner, nor did complainant mention to them that petitioner made such comments or engaged in such conduct. Although we agree with petitioner that he may have been prejudiced by the unavailability of the second witness, a coworker, we conclude that the unavailability of the witness did not cause the requisite "substantial actual prejudice" to petitioner (*id.*). Petitioner established only that the testimony of that coworker would have concerned a single incident described by complainant, and the record establishes that complainant otherwise described numerous incidents over the course of the three years of her employment. We further conclude that the Commissioner's determination that complainant was subjected to "a continual pattern of sexual harassment" is supported by substantial evidence (*see generally* Executive Law § 296 [1] [a]; *Matter of Under the Elms v Tolbert*, 1 AD3d 373, 374 [2003]; *Matter of Kondracke v Blue*, 277 AD2d 953, 954 [2000]). We have reviewed petitioner's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Scudder, Gorski and Smith, JJ.