██ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, Petitioner, v VILLAGE PLAZA FAMILY RESTAURANT, INC., et al., Respondents. [872 NYS2d 815]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [William P. Polito, J.], entered January 25, 2008) to enforce a determination of petitioner.

It is hereby ordered that said petition is unanimously granted without costs and respondents are directed to pay complainant the sum of $7,350.75 for back pay, with interest at the rate of 9% per annum, commencing July 7, 2002, and the sum of $65,000 for mental anguish and humiliation, with interest at the rate of 9% per annum, commencing November 14, 2006.

Memorandum: Petitioner commenced this proceeding seeking to enforce its determination awarding complainant, an employee of respondent Village Plaza Family Restaurant, Inc. (Restaurant), damages based on sexual harassment.

We note at the outset that Supreme Court erred in transferring the proceeding to this Court pursuant to Executive Law § 298 inasmuch as the determination was made following a hearing pursuant to Executive Law § 297 (4) (b) (see Matter of New York State Div. of Human Rights v Atlantic City Sub Shop, 27 AD3d 853 [2006]). Nevertheless, we address the merits of the issues raised by petitioner in the interest of judicial economy (see generally Matter of Moulden v Coughlin, 210 AD2d 997 [1994]).

In reviewing an administrative determination, this Court "may not substitute its judgment for that of . . . the administrative board or agency" (State Div. of Human Rights v Rochester Prods. Div. of Gen. Motors Corp., 112 AD2d 785, 785 [1985]; see generally § 298; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179 [1978]). Here, petitioner's determination is supported by the requisite substantial evidence, and we therefore grant the petition. We agree with petitioner that the record supports its determination that complainant was subjected to a hostile work environment based on evidence that she was forced to submit to a constant barrage of inappropriate and demeaning comments, unwanted physical contact, and

vulgar sexual gestures during her term of employment (*see generally* Executive Law § 296 [1] [a]). We further conclude that there is substantial evidence in the record to support petitioner's determination that the Restaurant is liable for the hostile work environment created by respondent employee of the Restaurant (*see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 54-55 [1996], *lv denied* 89 NY2d 809 [1997]). Present—Scudder, P.J., Centra, Fahey, Pine and Gorski, JJ.