In the Matter of NEW YORK STATE OFFICE OF MENTAL HEALTH, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [906 NYS2d 181]—

Garry, J. Proceeding pursuant to Executive Law § 298 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based on disability.

Respondent Bisi Asimolowo was employed by petitioner as a pharmacy intern beginning in 1992. The position was a temporary one, and Asimolowo understood that he was expected to take and pass the licensing examination to become a pharmacist. Asimolowo failed to do so, but petitioner obtained authorization from the Department of Civil Service (hereinafter Department) to continue employing him on several occasions.

During the period of April through October 2003, Asimolowo was unable to work for approximately 27 days due to undergoing treatment for cancer. Immediately thereafter, he was deemed medically disabled due to an ankle and knee injury. He submitted a doctor's note to that effect and, on that same day, was notified that his employment would end, ostensibly because the Department had declined to authorize his continued employment.

Asimolowo filed a verified complaint with respondent State Division of Human Rights (hereinafter SDHR) that charged petitioner with, among other things, disability discrimination. SDHR found probable cause to support Asimolowo's claim and, following a hearing, an Administrative Law Judge issued a recommended order finding that, while petitioner had shown a legitimate, nondiscrimatory basis for terminating Asimolowo's employment, such was a pretext for disability discrimination, and awarded damages in the sum of $50,000. The Commissioner of Human Rights reduced the award of damages to a sum of $30,000, but otherwise agreed, and this proceeding ensued.

A determination of SDHR is entitled to considerable deference due to its expertise in assessing discrimination claims, and we must uphold that determination if it is supported by substantial evidence (*see Matter of Harrison v Chestnut Donuts, Inc.*, 60 AD3d 1130, 1131 [2009]; *Matter of New York State Off. of Mental Health v New York State Div. of Human Rights*, 53 AD3d 887, 889 [2008], *lv denied* 11 NY3d 713 [2008]). The parties do not dispute that Asimolowo suffered from a disability but was capable of working as a pharmacy intern or that petitioner provided a legitimate, nondiscrimatory reason to support his termination; thus, we need only determine whether substantial evidence supports SDHR's finding that Asimolowo demonstrated that said nondiscrimatory reason was, in fact, a pretext for discrimination (*see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 330 [2003]; *Matter of Harrison v Chestnut Donuts, Inc.*, 60 AD3d at 1131-1132).

The Department undoubtedly had legitimate concerns about Asimolowo's employment status given his failure to become a licensed pharmacist. However, serious efforts to remove him only began after he used a substantial quantity of sick leave to address medical issues and discussions of an unknown nature occurred between officials at petitioner and the Department. Indeed, Asimolowo was not advised of his termination until after his supervisor was notified of his knee and ankle injury, despite petitioner's purported awareness of the pending termina-

tion for months beforehand. While evidence in the record could support a different result, substantial evidence supports SDHR's determination that relying upon Asimolowo's dubious civil service status to terminate him was a pretext and that petitioner intended, by the "devious and subtle means" often employed, to discriminate (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 183 [1978]; *see Sogg v American Airlines*, 193 AD2d 153, 157-158 [1993], *lv denied* 83 NY2d 754 [1994], *lv dismissed* 83 NY2d 846 [1994]).

The award of damages for Asimolowo's emotional distress is similarly supported. Such injuries may be proven by a complainant's own testimony, even in the absence of medical or psychiatric treatment (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216 [1991]). SDHR found that Asimolowo was continuing to feel "enormous mental anguish and humiliation" at the time of the hearing, over four years later, and that he was "deeply hurt" that his children had lost respect for him as a result of losing his job. In consideration of the circumstances, we find no abuse of discretion (*see id.* at 216-217).

Rose, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.