In the Matter of COUNTY OF ONONDAGA, Respondent, v BRIAN MAYOCK, Respondent, and NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [910 NYS2d 628]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [John C. Cherundolo, A.J.], entered May 19, 2010) to review a determination of respondent New York State Division of Human Rights. The determination, among other things, directed petitioner to reinstate respondent Brian Mayock to a supervisory position and awarded respondent Brian Mayock the sum of $43,000 as compensatory damages for his lost wages and mental anguish.

It is hereby ordered that the determination is unanimously confirmed without costs, the petition is dismissed and the cross petition is granted.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) that it unlawfully discriminated against respondent Brian Mayock (complainant), a probation officer, based on his sexual orientation by refusing to transfer him to positions that he previously had held, supervising individuals on probation. In addition, the determination provided that complainant should be reinstated to a position supervising probationers. Based on our review of the record, we confirm the determination and grant the cross petition of SDHR seeking to enforce it inasmuch as it is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of New Venture Gear Inc. v New York State Div. of Human Rights*, 41 AD3d 1265, 1266-1267 [2007]). "It is peculiarly within the domain of the Commissioner [of SDHR], who is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination" (*Matter of Club Swamp Annex v White*, 167 AD2d 400, 401 [1990], *lv denied* 77 NY2d 809 [1991]) and, "when a rational basis for the conclusion adopted by the Commissioner is found, the judicial function is exhausted" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]). Contrary to petitioner's contention, we conclude that a rational basis exists for the determination that complainant established a prima facie case of discrimination by a preponderance of the evidence (*see generally Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Furthermore, there is a rational basis for the determination that petitioner's decision "to penalize Complainant indefinitely was unreasonable and pretextual" and thus that petitioner failed to rebut the presumption of discrimination by failing to provide nondiscriminatory reasons to support its decision (*see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Ferrante*, 90 NY2d at 629-630).

We reject petitioner's further contention that SDHR improperly awarded complainant damages for mental anguish. An award for mental anguish must be "reasonably related to the discriminatory conduct" (*Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 217 [1991]), and it must be "supported by the evidence and . . . within the range of awards previously approved by [the courts]" (*Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights*, 77 NY2d 411, 421 [1991], *rearg denied* 78 NY2d 909 [1991]). Here, complainant testified that, as a result of petitioner's conduct, he was unable to sleep; he lost 20 pounds;

he had intestinal problems; he was not motivated to continue working; and he became isolated and withdrawn from his friends and coworkers. In addition, complainant has worked as a probation officer for 20 years, but for the last eight years was not permitted to continue his direct supervision of probationers, such that he in effect was terminated from his job by petitioner based on the material change in his job duties. We thus conclude that the award of $25,000 for mental anguish should not be disturbed (*see generally Matter of New York State Off. of Mental Health v New York State Div. of Human Rights*, 75 AD3d 1023, 1023-1024 [2010]; *Matter of Kowalewski v New York State Div. of Human Rights*, 26 AD3d 888, 889 [2006]). Present—Centra, J.P., Carni, Sconiers and Pine, JJ.