# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1390
TP 12-01112
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF PAUL J. NOE,
PETITIONER-RESPONDENT,

V                                                                 MEMORANDUM AND ORDER

GALEN D. KIRKLAND, COMMISSIONER, NEW
YORK STATE DIVISION OF HUMAN RIGHTS,
NEW YORK STATE DIVISION OF HUMAN RIGHTS,
RESPONDENTS-PETITIONERS,
AND LEON H. MARTIN, III, RESPONDENT.

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

CAROLINE J. DOWNEY, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR
RESPONDENTS-PETITIONERS.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered June 14, 2012) to review a determination of respondents-petitioners. The determination found that petitioner-respondent had engaged in an unlawful discriminatory practice.

It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted, and petitioner-respondent is directed to pay respondent Leon H. Martin, III, the sum of $10,000 as damages for mental anguish and humiliation with interest at the rate of 9% per annum commencing March 7, 2012, and to pay the Comptroller of the State of New York the sum of $20,000 for a civil fine and penalty, with interest at the rate of 9% per annum commencing March 7, 2012.

Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 298 to challenge the determination of respondents-petitioners (respondents) that found, after a hearing, that he had unlawfully discriminated against respondent Leon H. Martin, III, (complainant) based on race and that ordered him to pay a civil fine and compensatory damages. Respondents cross-petitioned to enforce the determination. We now confirm the determination, dismiss the petition, and grant the cross petition.

Petitioner first contends that the determination is not supported by substantial evidence. "[T]he scope of judicial review under the

Human Rights Law is extremely narrow and is confined to the consideration of whether the Division's determination is supported by substantial evidence in the record. Courts may not weigh the evidence or reject the Division's determination where the evidence is conflicting and room for choice exists. Thus, when a rational basis for the conclusion adopted by the Commissioner is found, the judicial function is exhausted" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106). Here, the record establishes that petitioner, an experienced landlord, refused to lease an available commercial space to complainant only after meeting him in person and voicing concerns about the race of his existing residential tenants as compared to that of complainant. The record also establishes that petitioner's purported concerns about complainant's intended use of the space were merely a pretext for racial discrimination, given that he could have easily tailored a lease to address any such concerns. We therefore conclude that the determination is supported by substantial evidence (*see Matter of County of Onondaga v Mayock*, 78 AD3d 1632, 1633; *Matter of Mohawk Val. Orthopedics, LLP v Carcone*, 66 AD3d 1350, 1350-1351).

Contrary to petitioner's second contention, an award of compensatory damages for mental anguish and humiliation is supported by the evidence adduced at the administrative hearing, which reveals that petitioner's conduct reminded complainant of the segregation that he previously experienced in Alabama and caused him to resort to using his spouse and her business as a front through which to lease commercial space (*see Mayock*, 78 AD3d at 1633-1634; *Matter of New York State Off. of Mental Health v New York State Div. of Human Rights*, 75 AD3d 1023, 1025). We note that petitioner does not challenge the amount awarded in compensatory damages.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court