# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1121**
**TP 14-00653**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF TARRIN JONES, PETITIONER,

V                                           MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS
AND THE FENTON GRILL, RESPONDENTS.

---

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR
PETITIONER.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Chautauqua County [Deborah
A. Chimes, J.], entered December 6, 2013) to review a determination of
respondent New York State Division of Human Rights.  The determination
dismissed petitioner's complaint alleging unlawful discrimination.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this proceeding seeking to
annul the determination of respondent New York State Division of Human
Rights (Division) that dismissed her complaint, which alleged unlawful
discrimination by her former employer, respondent The Fenton Grill
(restaurant).  "[T]he scope of judicial review under the Human Rights
Law is extremely narrow and is confined to the consideration of
whether the Division's determination is supported by substantial
evidence in the record.  Courts may not weigh the evidence or reject
the Division's determination where the evidence is conflicting and
room for choice exists.  Thus, when a rational basis for the
conclusion adopted by the Commissioner is found, the judicial function
is exhausted" (*Matter of State Div. of Human Rights [Granelle]*, 70
NY2d 100, 106; *see Matter of Noe v Kirkland*, 101 AD3d 1756, 1757).

We conclude that the determination is supported by substantial
evidence (*see generally Granelle*, 70 NY2d at 106).  Petitioner failed
to meet her burden with respect to her claim for a hostile work
environment inasmuch as she failed to demonstrate that she was the
subject of unwelcome sexual harassment (*see generally Vitale v Rosina
Food Prods.*, 283 AD2d 141, 142; *Pace v Ogden Servs. Corp.*, 257 AD2d
101, 103).  Petitioner also failed to establish a prima facie case
with respect to her claim based on quid pro quo harassment (*see
generally Matter of Father Belle Commmunity Ctr. v New York State Div.
of Human Rights*, 221 AD2d 44, 49-50, *lv denied* 89 NY2d 809), or with

respect to her claim for retaliation (*see generally Matter of Lyons v New York State Div. of Human Rights*, 79 AD3d 1826, 1827, *lv denied* 17 NY3d 707).

Concerning text messages, the testimony at the hearing on the complaint established that the restaurant's employees used a cellular telephone that was also allegedly used by the restaurant owner to send numerous text messages of a sexual nature to petitioner. The restaurant manager testified that petitioner knew of and demonstrated a "spoof texting" application. Petitioner's expert, who extracted the text messages from petitioner's cellular telephone, did not verify the extracted messages against the records of the involved cellular telephone carriers. The administrative law judge (ALJ) who presided at the hearing was not "bound by the strict rules of evidence prevailing in courts of law or equity" (Executive Law § 297 [4] [a]), and we will not disturb the ALJ's decision to credit the testimony of certain witnesses for the restaurant over that of petitioner and her expert (*see generally Matter of Bowler v New York State Div. of Human Rights*, 77 AD3d 1380, 1381, *lv denied* 16 NY3d 709). Finally, petitioner's contention that the witnesses were biased because they depended upon the restaurant financially lacks merit because, at the time of the hearing, the restaurant had been closed for nearly a year.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court