■ In the Matter of Law Offices of Oliver Zhou, PLLC, et al., Petitioners, v New York State Division of Human Rights et al., Respondents. [10 NYS3d 211]—

Determination of respondent New York State Division of Human Rights (DHR), dated November 26, 2013, which found that petitioners violated the State Human Rights Law by retaliating against the complainant who was engaging in a protected activity, and, directed petitioners to pay complainant back pay in the principal amount of $5,811 and compensatory damages for mental anguish in the principal amount of

$10,000, and to pay a civil fine of $1,000, unanimously confirmed, the petition denied, and the proceeding (transferred to this Court by order of Supreme Court, New York County [Cynthia S. Kern, J.], entered Feb. 18, 2014), dismissed, without costs.

Contrary to petitioners' contention, DHR had jurisdiction over this matter as the record shows that petitioner employer had at least four employees (*see* Executive Law § 292 [5]).

DHR's findings are supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). The evidence establishes that the complainant was terminated immediately after she showed her employer a sexual harassment complaint that she filed with DHR, and that, while petitioners claimed there were various nondiscriminatory reasons for the termination, the complainant showed that the reasons were merely a pretext for illegal retaliation (*see Matter of Board of Educ. of New Paltz Cent. School Dist. v Donaldson*, 41 AD3d 1138 [3d Dept 2007], *lv denied* 10 NY3d 706 [2008]).

The awards of back pay and compensatory damages, and the assessment of the civil fine are proper (*see* Executive Law § 297 [4] [c]; *Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207 [1991]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.