■ In the Matter of JONATHAN JACOBS, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Petitioner, et al., Respondents. [17 NYS3d 19]—

Order of respondent New York State Division of Human Rights (DHR), dated July 17, 2013, which found that petitioner (Jacobs) engaged in housing discrimination against respondent Lillie Davis Staton based on her age and disability in violation of the State Human Rights Law, directed Jacobs and Jacobs RE LLC to pay $10,000 in compensatory damages for mental pain and suffering and $10,000 in punitive damages to Staton, and $55,000 in civil fines and penalties to the State of New York (the proceeding having been transferred to this Court by order of Supreme Court, New York County [Donna M. Mills, J.], entered November 14, 2013), unanimously confirmed, without costs, Jacobs's petition for judicial review of the order dismissed, and DHR's cross petition to enforce the order granted.

As a threshold matter, Supreme Court properly transferred the proceeding to this Court (*see* Executive Law § 298; *see e.g. Matter of New York State Div. of Human Rights v Neighborhood Youth & Family Servs.*, 102 AD3d 491 [1st Dept 2013]; *Matter of State Div. of Human Rights v 1368 E. 94th St. Corp.*, 293 AD2d 752, 753 [2d Dept 2002]). In any event, as Jacobs recognizes, we may retain jurisdiction in the interest of judicial

economy (*see e.g. Matter of New York State Div. of Human Rights v Village Plaza Family Rest., Inc.*, 59 AD3d 1038, 1038 [4th Dept 2009]).

DHR's findings are supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Jacobs, who did not appear at the adjourned hearing in this proceeding, failed to rebut a prima facie showing that he created a hostile housing environment (*see Matter of State Div. of Human Rights v ARC XVI Inwood, Inc.*, 17 AD3d 239 [1st Dept 2005]). He failed to show good cause for setting aside his default (Executive Law § 297 [4] [b]; 9 NYCRR 465.11 [e]).

The award of compensatory damages for mental anguish is proper (*see* Executive Law § 297 [4] [c] [iii]; *see Matter of New York State Div. of Human Rights v Neighborhood Youth & Family Servs.*, 102 AD3d 491 [1st Dept 2013]). Substantial evidence supports the award of punitive damages (*see* Executive Law § 297 [4] [c] [iv]) and the assessment of civil fines and penalties for "an unlawful discriminatory act which is found to be willful, wanton or malicious" (*see id.* § 297 [4] [c] [vi]). Concur— Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.