Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights (2018 NY Slip Op 04483)





Matter of Stellar Dental Mgt. LLC v New York State Div. of Human Rights


2018 NY Slip Op 04483


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


743 TP 17-02186

[*1]IN THE MATTER OF STELLAR DENTAL MANAGEMENT LLC, PETITIONER-RESPONDENT,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, RESPONDENT-PETITIONER, STATE OF NEW YORK EXECUTIVE DEPARTMENT, BETH A. HENDERSON, TAMI MARTEL AND STEPHANIE RUFFINS, RESPONDENTS. 






HODGSON RUSS LLP, BUFFALO (MELANIE J. BEARDSLEY OF COUNSEL), FOR PETITIONER-RESPONDENT. 
CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR RESPONDENT-PETITIONER. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph R. Glownia, J.], entered December 15, 2017) to review a determination of respondent-petitioner. The determination, among other things, adjudged that petitioner-respondent had subjected individual respondents to a sexually hostile work environment. 
It is hereby ORDERED that the determination is unanimously confirmed without costs, the petition is dismissed, the cross petition is granted, and petitioner-respondent is directed to pay respondent Beth A. Henderson the sum of $35,000 as compensatory damages with interest at the rate of 9% per annum commencing June 8, 2017; to pay respondent Tami Martel the sum of $65,000 as compensatory damages with interest at the rate of 9% per annum commencing June 8, 2017; to pay respondent Stephanie Ruffins the sum of $50,000 as compensatory damages with interest at the rate of 9% per annum commencing June 8, 2017 and $2,880 for lost wages with interest at the rate of 9% per annum commencing August 29, 2014; and to pay the Comptroller of the State of New York the sum of $60,000 for a civil fine and penalty with interest at the rate of 9% per annum commencing June 8, 2017.
Memorandum: Petitioner-respondent (petitioner) commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent-petitioner New York State Division of Human Rights (SDHR) that petitioner unlawfully discriminated against respondent complainants (complainants) by subjecting them to a sexually hostile work environment, and retaliated against complainants by firing two of them and constructively discharging the third complainant. SDHR awarded complainants, inter alia, compensatory damages for mental anguish and humiliation in the amount of $35,000, $65,000, and $50,000, respectively, and imposed civil fines and penalties against petitioner of $20,000 per complainant. SDHR filed a cross petition seeking to confirm and enforce the determination.
Our review of the determination, which adopted the findings of the Administrative Law Judge (ALJ) who conducted the public hearing, "is limited to the issue whether it is supported by substantial evidence" (Matter of Russo v New York State Div. of Human Rights, 137 AD3d 1600, 1600 [4th Dept 2016]; see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [2003]). " Although a contrary decision may be reasonable and also sustainable, a reviewing court may not substitute its judgment for that of the Commissioner [of SDHR] if his [or her determination] is supported by substantial evidence' " [*2](Matter of Scheuneman v New York State Div. of Human Rights, 147 AD3d 1523, 1524 [4th Dept 2017], quoting Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights, 77 NY2d 411, 417 [1991], rearg denied 78 NY2d 909 [1991]).
We conclude that there is substantial evidence to support the determination that petitioner discriminated against each complainant by subjecting her to a sexually hostile work environment (see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights, 221 AD2d 44, 51 [4th Dept 1996], lv denied 89 NY2d 809 [1997]; see also Vitale v Rosina Food Prods., 283 AD2d 141, 143 [4th Dept 2001]). At the hearing, each complainant testified that she was subjected to severe and pervasive sexualized comments and unwanted touching in the workplace, and that she reported that behavior to management but her complaints were ignored. Although petitioner's witnesses denied receiving reports of harassment, " we cannot say that the testimony found credible by [the ALJ] was incredible as a matter of law' " (Matter of Maye v Dwyer, 295 AD2d 890, 890 [4th Dept 2002], appeal dismissed 98 NY2d 764 [2002]). To the extent that complainants' testimony conflicted with petitioner's proof, such conflict presented issues of credibility that were for the ALJ to resolve (see Scheuneman, 147 AD3d at 1524).
We further conclude that substantial evidence supports SDHR's determination that two of the complainants were subjected to unlawful retaliation. The record establishes that those complainants reported sexual harassment to management and were terminated from their employment shortly thereafter, thus supporting the determination that the legitimate reasons proffered for the terminations were pretextual (see Executive Law § 296 [7]; cf. Pace v Ogden Servs. Corp., 257 AD2d 101, 104-106 [3d Dept 1999]; see also La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d 918, 921 [2d Dept 2015]; Matter of Law Offs. of Oliver Zhou, PLLC v New York State Div. of Human Rights, 128 AD3d 618, 619 [1st Dept 2015]). With respect to the third complainant, we conclude that there is substantial evidence supporting the determination that petitioner unlawfully retaliated against her by constructively discharging her, because the record establishes that the conditions of her employment had become so intolerable that a reasonable person in her position would have felt compelled to resign (see generally Thompson v Lamprecht Transp., 39 AD3d 846, 848 [2d Dept 2007]; Matter of Graham v New York City Tr. Auth., 242 AD2d 722, 722 [2d Dept 1997], lv denied 94 NY2d 759 [2000]).
Petitioner further contends that the ALJ erred in scheduling a consolidated hearing for the three complaints, and in failing to sequester the complainant witnesses. We conclude, however, that petitioner waived such objections by not raising them on the record, despite being provided an opportunity to do so, and by participating fully in the hearing (see Lebis Contr. v City of Lockport, 174 AD2d 1012, 1012 [4th Dept 1991]; Matter of Donnelly's Mobile Home Ct. v Simons, 142 AD2d 943, 943 [4th Dept 1988]; see also Matter of Mule v Town of Boston, 159 AD3d 1370, 1371-1372 [4th Dept 2018]).
We reject petitioner's further contention that the compensatory damages awarded for mental anguish and humiliation are excessive as a matter of law and unsupported by the proof. In reviewing an award for mental anguish and humiliation, we assess whether the award is reasonably related to the wrongdoing, whether it is supported by substantial evidence, and whether it is comparable to awards in similar cases (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 218-219 [1991]; Matter of Kondracke v Blue, 277 AD2d 953, 954 [4th Dept 2000]). Each complainant testified that she suffered significant emotional distress and fear as a result of the harassment she endured, and there was sufficient proof of the severity and duration of that distress to sustain the damages awarded (see Matter of County of Onondaga v Mayock, 78 AD3d 1632, 1633-1634 [4th Dept 2010]; Kondracke, 277 AD2d at 954). Moreover, the awards are well within the range established by similar cases (see e.g. Matter of New York State Div. of Human Rights v ABS Elecs., Inc., 102 AD3d 967, 968-969 [2d Dept 2013], lv denied 24 NY3d 901 [2014]; Matter of Columbia Sussex Corp. v New York State Div. of Human Rights, 63 AD3d 736, 736 [2d Dept 2009]; Matter of New York State Div. of Human Rights v Village Plaza Family Rest., Inc., 59 AD3d 1038, 1038-1039 [4th Dept 2009]). We thus conclude that the awards for mental anguish and humiliation should not be disturbed (see Mayock, 78 AD3d at 1634).
Finally, we reject petitioner's contention that SDHR's imposition of civil fines and penalties was excessive and arbitrary and capricious. It is well settled that "[j]udicial review of an administrative penalty is limited to whether the measure or mode of penalty constitutes an [*3]abuse of discretion as a matter of law [and] . . . a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]; see Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1566 [4th Dept 2014]). SDHR's award of a civil fine and penalty of $20,000 for each complainant is similar to the fines and penalties imposed in other discrimination cases (see Matter of AMG Managing Partners, LLC v New York State Div. of Human Rights, 148 AD3d 1765, 1766 [4th Dept 2017]; Matter of Noe v Kirkland, 101 AD3d 1756, 1756-1757 [4th Dept 2012]), and is not shocking to our sense of fairness.
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court