Matter of State Div. of Human Rights v Metrowireless 167, Inc.

2026 NY Slip Op 02355

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of State Division of Human Rights, et al., Petitioner,

v

Metrowireless 167, Inc., etc., et al., Respondents.

Decided and Entered: April 16, 2026

Index No. 809843/24|Appeal No. 6379|Case No. 2025-02634|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Melissa Franco, State Division of Human Rights, Bronx (Kimberly Fong of counsel), for petitioner.

[*1]

Application pursuant to Executive Law § 298 to enforce petitioner State Division of Human Rights' (DHR) order, dated December 9, 2021, which found respondent MetroWireless 167 Inc. liable for discriminating against Stephanie Martinez based on sex in violation of the Human Rights Law, directed it to compensate Martinez in the amount of $57,248.00 for lost wages and $15,000 in damages for mental anguish, and pay a civil penalty of $5,000 (transferred to this Court by order, Supreme Court, Bronx County [Veronica G. Hummel, J.], entered November 19, 2024), unanimously granted, without costs.

Substantial evidence supports DHR's determination that respondent MetroWireless unlawfully discriminated against Martinez by significantly reducing her work hours and effectively terminating her employment shortly after learning that she was pregnant (see State Div. of Human Rights v Demi Lass, 232 AD2d 335, 335-336 [1st Dept 1996]; Matter of Energy Expo v New York State Div. of Human Rights, 112 AD2d 302, 303 [2d Dept 1985]). MetroWireless failed to appear at the hearing, and therefore did not rebut Martinez's prima facie showing (see Matter of Jacobs v New York State Div. of Human Rights, 131 AD3d 883, 884 [1st Dept 2015]).

Substantial evidence also supports DHR's award of backpay and compensatory damages (see Mittl v New York State Div. of Human Rights, 307 AD2d 881, 882 [1st Dept 2003], lv denied 2 NY3d 701 [2004]; Matter of Goldberg v New York State Div. of Human Rights, 85 AD3d 1166, 1167 [2d Dept 2011]; see also Matter of State Div. of Human Rights v ARC XVI Inwood, Inc., 17 AD3d 239 [1st Dept 2005]). In light of the circumstances of this case, as well as the deference that must be given to the Administrative Law Judge's findings, the civil penalty of $5,000 is not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671, 674 [2d Dept 2023]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026