■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of MARTIN T. GLEASON, Petitioner, v WBEN, INC., Respondent. — Determination unanimously confirmed, without costs. Memorandum: In his petition brought pursuant to section 298 of the Executive Law, petitioner seeks to annul orders of the appeal board made July 26, 1982, which affirmed determinations of the State Division of Human Rights made April 29, 1981 and April 30, 1981 respectively, finding "no probable cause" and dismissing his complaints alleging age discrimination. The chief basis of petitioner's complaint was a statement allegedly made to him by the president of WBEN, Inc., during a meeting on July 18, 1977 that "among other things my age and physical looks are a barrier because Channel 4 is trying to present a youthful image to the public." Respondent denied these allegations and established that the reason petitioner's transfer request was denied had nothing to do with his age but rather was based upon the fact that petitioner's contract did not provide for transfer based on seniority, that petitioner did not possess the necessary voice or delivery to anchor television newscasts and that petitioner's termination was due to economic reasons since it was not feasible to employ newswriters to write news when the broadcasters could write their own news. Respondent established further that no union grievance was filed on behalf of petitioner, that the regional director of the National Labor Relations Board (NLRB) found that "seniority is not a determinative factor in job assignments according to the contract between the National Association of Broadcast Employees and Technicians (NABET) and WBEN" and that petitioner negotiated with the new owners of the radio station to accept three quarters of his severance pay under the unsuitability clause of his contract and executed a general release. The division concluded in its determination of "no probable cause," that "upon review of the file, it appears that considerations other than the complainant's age, were the reasons for his not being transferred from the radio station to the television station." Contrary to petitioner's contention, the division conducted an adequate investigation and afforded petitioner a full and fair opportunity to present evidence (*State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.*, 48 NY2d 276, 284; see *Matter of Vadney v State Human Rights Appeal Bd.*, 93 AD2d 935; *State Div. of Human Rights v New York State Drug Abuse Control Comm.*, 59 AD2d 332). Thus, on this record, there was a rational basis for the determination reached by the division, and the appeal board was

obligated to affirm (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd., supra,* p 284; see Executive Law, § 297-a, subd 7, par e). Since the division's investigation was sufficient in light of the nature of the charges, a confrontation conference would have served no useful purpose (*Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990, 991; cf. *Matter of Gregory v New York State Human Rights Appeal Bd.,* 64 AD2d 775, 776; see 9 NYCRR 465.6 [c]). The division's determination of no probable cause was not arbitrary or capricious and was supported by substantial evidence. (Proceeding pursuant to Executive Law, § 298.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.