■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of A. PATRICIA CLIFFORD, Petitioner, v ONEIDA, LTD., Respondent.— Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Complainant seeks review pursuant to Executive Law § 298 of the determination of the State Division of Human Rights (Division) finding no probable cause and dismissing her complaint which alleged that respondent employer discriminated against her in a matter of employment because of her sex and national origin. The Division found that, with the exception of her termination from employment, all of petitioner's allegations involved incidents occurring between 1979 and 1981, a period beyond the Division's one-year Statute of Limitations (Executive Law § 297 [5]). The Division's investigation revealed that petitioner was

terminated for poor work performance, not because she is female or Hispanic and that her allegations of discrimination based on her sex and national origin were not substantiated. At the time of her termination there were seven other women with similar positions in her department and the sales manager, as well as four other employees, was Hispanic. Since there is a rational basis in the record for the determination of no probable cause (*see, State Div. of Human Rights v Inger-soll-Rand Co.,* 106 AD2d 917; *State Div. of Human Rights v New York State Drug Abuse Control Commn.,* 59 AD2d 332; *see also, State Div. of Human Rights v Oswald Hof Brau Haus,* 91 AD2d 865; *Meachem v New York State Human Rights Appeal Bd.,* 87 AD2d 813), the determination should be confirmed.

Although the Division's investigation was not conducted within the time limits prescribed by law (Executive Law § 297), this fact alone does not support complainant's request for further investigation or a public hearing. The time limits are directory rather than mandatory and complainant has failed to demonstrate how she was prejudiced by the delay (*see, State Div. of Human Rights v American Can Co.,* 78 AD2d 1005). Finally, since complainant failed to offer any evidence demonstrating that her discharge was for reasons other than unsatisfactory work performance, a confrontation conference was not required (*see, State Div. of Human Rights v WBEN, Inc.,* 96 AD2d 1141, 1142; *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990, 991). (Proceeding pursuant to Executive Law § 298.) Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.