■ EARL TUCKER, Appellant, v BATTERY PARK CITY PARKS CORPORATION, Respondent. [642 NYS2d 891] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered March 8, 1995, which, in a proceeding pursuant to CPLR article 78 to annul respondent's determination terminating petitioner's employment with it, granted respondent's motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

The petition fails to allege facts sufficient to overcome the presumption that petitioner's employment was one at will. Even if the employee manual on which petitioner relies were to be construed as requiring good cause for petitioner's termination and the giving of notice and for opportunity to him to take corrective measures (*but see, e.g., Manning v Norton Co.*, 189 AD2d 971, 971-972; *Novinger v Eden Park Health Servs.*, 167 AD2d 590, 591, *lv denied* 77 NY2d 810; *Marvin v Kent Nursing Home*, 153 AD2d 553, 554), it remains that there are no allegations that petitioner was induced to leave prior employment or otherwise suffered a detriment in reliance on any such limitations (*see, supra*, at 972; *supra*, at 592; *supra*, at 555). Indeed, petitioner concedes that he was not even aware of the four-step disciplinary procedure he claims he was deprived of until after he became respondent's employee (*see, Marvin v Kent Nursing Home, supra*). "Mere existence of a written policy * * * does not limit an employer's right to discharge an at-will employee" (*Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 410). Detrimental reliance must also be shown regardless of whether the discharged employee portrays his claim not as one for breach of a just cause provision but for arbitrary and capricious conduct in failing to follow internal termination procedures (*supra*, at 411). Nor does it avail petitioner that respondent is a not-for-profit public benefit corporation where he fails to identify any State laws or regulations conferring upon him a property interest in continued employment or otherwise characterizing his employment relationship with respondent (*see, Matter of Voorhis v Warwick Val. Cent. School Dist.*, 92 AD2d 571). Finally, petitioner's discrimination causes of actions were properly dismissed for failure to allege disparate treatment of other similarly situated, *i.e.*, supervisor-level, non-minority employees (*see, Pierce v Commonwealth Life Ins. Co.*, 40 F3d 796, 802-804 [6th Cir

1994]). Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Ross, JJ.