■ In the Matter of PRESBYTERIAN HOSPITAL OF THE CITY OF NEW YORK, Appellant, v STATE DIVISION OF HUMAN RIGHTS, Respondent. [659 NYS2d 283] —Order, Supreme Court, New York County (Stanley Parness, J.), entered on or about September 4, 1996, which denied petitioner employer's application pursuant to CPLR article 78 to prohibit respondent State Division of Human Rights from proceeding further on a complaint of employment discrimination based on sex and national origin, and dismissed the petition, unanimously modified, on the law, to grant the petition insofar as it seeks to prohibit respondent from proceeding against petitioner on the additional charges brought in the amendment to the complaint, and otherwise affirmed, without costs.

There is no question that the unexplained 11-year delay between the filing of the discrimination complaint and the scheduling of the hearing is properly characterized by petitioner as "egregious". Nevertheless, the time limits set forth in Executive Law § 297 have been held to be directory rather than mandatory (*Corning Glass Works v Ovsanik*, 84 NY2d 619, 623-624) and respondent's violation of them, even by so extraordinary a period of time, does not deprive it of jurisdiction (*see, Tessy Plastics Corp. v State Div. of Human Rights*, 47

NY2d 789). The question of whether the prejudicial consequences to petitioner of such delay, in that key witnesses are allegedly no longer in petitioner's employ or otherwise available, as well as the consequences of respondent's alleged failure to disclose the documents it intends to use at the hearing, are such as to make a fair hearing impossible, should be determined during the course of the administrative proceeding or by subsequent judicial review (*see, Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786).

However, we find that respondent should be prohibited from proceeding as to the charges of harassment and retaliatory termination which were brought in the amendment served on June 24, 1996, as well as to any further charges which respondent intends to prefer in the future. Under 9 NYCRR 465.4 (a), respondent's power is limited to making amendments "reasonably and fairly". That standard has not been met.

We have considered petitioner's other arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Rubin and Mazzarelli, JJ.