■ HOUSING OPPORTUNITIES MADE EQUAL, INC., et al., Respondents, v GEORGE E. PATAKI, as Governor of State of New York, et al., Appellants. [716 NYS2d 215] —Order unanimously reversed on the law without costs, motion denied, summary judgment granted to defendants and complaint dismissed. Memorandum: Plaintiffs commenced this class action seeking, *inter alia,* damages and injunctive relief against defendant Division of Human Rights (Division) and named government officials. Plaintiffs alleged that the Division failed to process their housing discrimination complaints filed with the Division in a timely manner, thereby violating the Human Rights Law and plaintiffs' rights to due process under the New York State and United States Constitutions. Plaintiffs further alleged that the Division promulgated and implemented regulations that

are both violative of the State Administrative Procedure Act and inconsistent with the Human Rights Law. Supreme Court granted plaintiffs' application for a preliminary injunction (*Housing Opportunities Made Equal v Pataki,* 180 Misc 2d 778) and granted plaintiffs' subsequent motion for summary judgment (*Housing Opportunities Made Equal v Pataki,* 180 Misc 2d 781). We reverse and conclude, upon searching the record, that defendants are entitled to summary judgment dismissing the complaint (*see,* CPLR 3212 [b]).

Contrary to plaintiffs' contention, the time limits set forth in Executive Law § 297 are directory, not mandatory (*see, Matter of Corning Glass Works v Ovsanik,* 84 NY2d 619, 623-624); the aggrieved party must show "substantial actual prejudice" resulting from the delay (*Matter of Diaz Chem. Corp. v New York State Div. of Human Rights,* 91 NY2d 932, 933; *see, Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 817-818). In support of their motion, plaintiffs established only that the Division has delayed in hearing their complaints of housing discrimination; they made no showing of any actual prejudice (*see, Wooten v New York City Dept. of Gen. Servs.,* 207 AD2d 754, *lv denied* 84 NY2d 813, *rearg denied* 85 NY2d 925; *State Div. of Human Rights v Oneida, Ltd.,* 112 AD2d 793, 794-795). In any event, whether any prejudice to plaintiffs resulted from the Division's delay in hearing their complaints must first be determined during the course of the administrative proceeding; "a court may not intervene in an administrative proceeding, for reason of adjudicatory delay, until a hearing has been held and an official order rendered" (*Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180, *rearg denied* 66 NY2d 1035, *cert denied* 476 US 1115; *see, Matter of Presbyterian Hosp. v State Div. of Human Rights,* 241 AD2d 319, 320). Prior to such hearing and order, courts are "limited to granting mandamus to compel hearings" (*Matter of Cortlandt Nursing Home v Axelrod, supra,* at 180; *see, Matter of Alverson v State Div. of Human Rights,* 181 AD2d 1019, 1020 [Balio, J., concurring]).

Plaintiffs' rights to due process were not violated by the Division's failure to comply with the time limits set forth in Executive Law § 297. Plaintiffs have a property interest in having their complaints heard (*see, Logan v Zimmerman Brush Co.,* 455 US 422, 433-434, 437; *Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.,* 61 NY2d 542, 548-549). Here, plaintiffs either still have complaints pending with the Division or have settled their cases, and thus their complaints have not been extinguished in violation of due

process (*see, Polk v Kramarsky,* 711 F2d 505, 509, *cert denied* 464 US 1000).

Plaintiffs offered no evidence that the Division's regulations were in violation of the State Administrative Procedure Act or inconsistent with the Human Rights Law. To the contrary, the regulations cited by plaintiffs in their complaint are "suitable rules and regulations to carry out the provisions" of Executive Law § 297 (Executive Law § 295 [5]).

In light of the above, we exercise our authority to search the record and grant summary judgment to defendants dismissing the complaint despite the absence of a cross motion (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430; *Czaska v Lenn Lease Ltd.,* 251 AD2d 965, 966). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes and Lawton, JJ. [*See,* 181 Misc 2d 778, 781.]