■ In the Matter of LISA LYONS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [913 NYS2d 586]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [William P. Polito, J.], entered June 1, 2010) to review a determination of respondent New York State Division of Human Rights. The determination dismissed the complaint of sexual, marital, and retaliatory discrimination in employment.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent New York State Division of Human Rights (hereafter, SDHR) dismissing her complaint alleging unlawful discrimination and retaliation. We conclude that the determination is supported by substantial evidence and thus must be confirmed (*see generally Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]). To establish a prima facie case of employment discrimination, petitioner was required to demonstrate that she was a member of a protected class, that she was qualified for her position, that she was terminated from employment or suffered another adverse employment action, and that the termination or other adverse action "occurred under circumstances giving rise to an inference of discriminatory motive" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306 [2004]). We agree with SDHR that petitioner failed to meet that burden with respect to her claim for sex discrimination inasmuch as she failed to demonstrate that any of the actions taken by respondent City of Rochester constituted "a materially adverse change in the terms and conditions of [her] employment" (*id.*). We further conclude that petitioner failed to establish a prima facie case with respect to her claim based on a hostile work environment (*see generally Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]), or with respect to her claim for retaliation (*see generally Gordon v New York City Bd. of Educ.*, 232 F3d 111, 117 [2000]). Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.