11-2743-cv
Nenninger v. Village of Port Jefferson

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

PRESENT:  PIERRE N. LEVAL,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

------------------------------------------------------------------------
DONALD NENNINGER, JR.,
*Plaintiff-Appellant,*

v.                                                        No. 11-2743-cv

VILLAGE OF PORT JEFFERSON, PLANNING BOARD OF THE INCORPORATED VILLAGE OF PORT JEFFERSON, JAMES BURKE, Chairman, PHIL SCHIAVONE, JENNIFER SIGLER, RAY DIBASE, MARK BROSMAN, KEVIN KOUBEK, Individually and as Director of Planning & Engineering of the Village of Port Jefferson, WILLIAM RAU, Individually and as Village Planner, and the Tax Assessor of the Village of Port Jefferson, BRIAN HARTY,
*Defendants-Appellees.*
------------------------------------------------------------------------

FOR APPELLANT:          William D. Wexler, John R. DiCioccio, Law Office of William D. Wexler, North Babylon, New York.

FOR APPELLEES:          David H. Arntsen, Devitt Spellman Barrett, LLP, Smithtown, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 23, 2011, is AFFIRMED.

Plaintiff Donald Nenninger, Jr., appeals from an award of summary judgment on various constitutional claims that he raises pursuant to 42 U.S.C. § 1983 against the Village of Port Jefferson ("Village") and individual members of the Village Planning Board. Nenninger's claims arise from defendants' alleged (1) refusal to consider his renewed application to subdivide real property zoned for single-family use, and (2) decision to hold him liable for the cost of clearing debris from an undeveloped road ("Boulder Court") adjacent to his property. We review an award of summary judgment de novo, asking whether the record evidence, viewed in the light most favorable to the non-moving party, raises a genuine dispute of material fact requiring a trial. See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012); Fed. R. Civ. P. 56(a). Insofar as the district court based its ruling on ripeness, we also review that determination de novo. See Connecticut v. Duncan, 612 F.3d 107, 112 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated in the district court's well-reasoned memorandum and order.

2

1.    Ripeness

    a.    Consideration of Subdivision Application

Nenninger faults the district court's determination that his due process and equal protection claims against the Village for failing to consider his renewed application were unripe for adjudication. See New York Civil Liberties Union v. Grandeau, 528 F.3d 122, 130 (2d Cir. 2008) (discussing jurisdictional and prudential aspects to ripeness doctrine). We are not persuaded.

A land-use claim is not ripe until the relevant government entity takes "a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 191 (1985); accord Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) (applying requirement to due process and equal protection claims). A property owner cannot claim to have received such a definitive decision without "submitting at least one meaningful application" to the relevant government entity for the relief sought. Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 348 (2d Cir. 2005).

Here, the renewed subdivision application, considered by defendants at an October 24, 2006 planning meeting, was deemed incomplete for reasons promptly conveyed to Nenninger. Indeed, Nenninger's own consultant acknowledged at his deposition that the application was incomplete. Nenninger contends that he subsequently submitted a completed application, but he fails to adduce evidence to support this conclusory assertion. See

3

Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (observing that "factual statements only in the parties' briefs" cannot carry summary judgment burden); Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001) (disregarding contention not "supported by the portions of the record cited . . . or by the record as a whole" on summary judgment). Although Nenninger's consultant states in his affidavit that "the application would not have been placed on the final subdivision calendar had it not been complete," Cramer Aff. ¶ 12, J.A. 1040; see generally Fed. R. Evid. 406 (allowing evidence of organizational practice to prove occurrence in given instance), Cramer attests to no personal knowledge that the application was so calendared, see Fed. R. Evid. 602. Instead, he references a March 7, 2007 letter from Village Planner Rau to Nenninger, the text of which only confirms that the application was incomplete and nowhere indicates that it was re-calendared. Indeed, no admissible evidence refutes Rau's deposition testimony that he "never put [the] application on the agenda." Rau Dep. 84, J.A. 199.

Nenninger submits that, even if he cannot demonstrate submission of a completed application, his claims falls within the narrow "futility" exception to ripeness requirements that has been recognized where an agency "has dug in its heels and made clear that all such applications will be denied." See Murphy v. New Milford Zoning Comm'n, 402 F.3d at 349. In fact, he does not qualify for that exception. Although defendants here indicated that even a completed application would not be calendared until Nenninger cleared debris from Boulder Court, this fact does not by itself compel a finding that the application inevitably would be denied on its merits once the alleged violations were resolved. See id.; see also

4

Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 99 (2d Cir. 1992) (denying futility exception where environmental board's initial decision left open possibility that "it would be receptive to a[nother] subdivision proposal").[1]

In sum, Nenninger's due process and equal protection claims relating to the subdivision proposal were properly dismissed as unripe.[2]

b.     Tax Lien

Insofar as Nenninger bases his due process and equal protection claims on the Village's threat to enforce a tax lien on his property in the amount it expended to clear debris from Boulder Court, he does not—and cannot—dispute that no such lien ever was placed on his property nor any such cleanup costs added to his tax bill.  On this record, the district court correctly held that any challenge to these hypothetical future events was too speculative to be ripe for adjudication.  See generally City of Los Angeles v. Lyons, 461 U.S. 95, 105

---

[1] Notably, Nenninger does not base his futility argument on the statement in Rau's March 7, 2007 letter that Nenninger's 2006 application appeared identical to his 2003 application, which was denied, presumably because that denial, reached after a full agency hearing and judicial review, would independently defeat Nenninger's § 1983 due process claims with respect to an identical application.

[2] To the extent Nenninger argues that a failure to rule on his application—complete or incomplete—denied him procedural due process, the claim fails in any event because Nenninger was free to bring an Article 78 mandamus proceeding in New York State court. See Housing Opportunities Made Equal, Inc. v. Pataki, 277 A.D.2d 888, 889, 716 N.Y.S.2d 215, 217 (4th Dep't 2000) (noting courts' power to "grant[] mandamus to compel hearings" (internal quotation marks omitted)); see also New York State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 168 (2d Cir. 2001) (holding that availability of Article 78 mandamus proceeding forestalled procedural due process concerns arising from delay in processing administrative complaints).  Having failed to avail himself of that remedy, Nenninger cannot now be heard to complain of a denial of procedural due process.

5

(1983) (requiring plaintiff to show "real and immediate threat" of official action to establish justiciable case or controversy); Simmonds v. INS, 326 F.3d 351, 357 (2d Cir. 2003) (stating that ripeness requirement allows courts "to avoid becoming embroiled in adjudications that may later turn out to be unnecessary").

To the extent Nenninger suggests his due process rights were violated by Village Director of Planning and Engineering Koubek's holding him responsible without a hearing for the cost of removing the debris, the claim fails for lack of evidence that Koubek or any other defendant enforced this responsibility to Nenninger's detriment. See, e.g., Zinermon v. Burch, 494 U.S. 113, 125 (1990) (reiterating that first step in due process analysis is identifying "deprivation by state action of a constitutionally protected interest"). While the Village has now commenced legal proceedings against Nenninger to recover the cleanup costs, an event that prompts his retaliation claim, Nenninger does not maintain that these proceedings afford him inadequate process.

Accordingly, Nenninger's § 1983 claim regarding the tax lien was properly dismissed.

2. Remaining Claims

Because Nenninger's due process and equal protection claims—whether charged against defendants individually or as members of a conspiracy—were correctly dismissed, we need not consider the other grounds relied on by the district court in concluding that Nenninger's conspiracy claim failed as a matter of law. We affirm judgment in favor of defendants on Nenninger's retaliation claim for the reasons stated by the district court.

6

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court