15-797-cv
Safe Harbor Retreat LLC v. Town of East Hampton

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand fifteen.

PRESENT: DENNIS JACOBS,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　　　　　**Circuit Judges,**
　　　　　GEOFFREY W. CRAWFORD,*
　　　　　　　　　　　　　　**District Judge.**

- - - - - - - - - - - - - - - - - - - - - -X
SAFE HARBOR RETREAT LLC,
　　　　**Plaintiff-Appellant,**

　　　　-v.-　　　　　　　　　　　　　　15-797-cv

TOWN OF EAST HAMPTON, NEW YORK, TOWN
OF EAST HAMPTON ZONING BOARD OF
APPEALS,
　　　　**Defendants-Appellees.**
- - - - - - - - - - - - - - - - - - - - - -X

---

*　　　Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR APPELLANT:**        Joseph N. Campolo, Campolo Middleton & McCormick LLP, Ronkonkoma, New York.

**FOR APPELLEES:**        Brian S. Sokoloff and Anthony F. Cardoso, Sokoloff Stern LLP, Carle Place, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

Safe Harbor Retreat LLC ("Safe Harbor") appeals from the order of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>) dismissing without prejudice its complaint against the Town of East Hampton ("East Hampton") and the Town of East Hampton Zoning Board of Appeals ("Zoning Board"). The court held that it lacked subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This appeal arises out of a land-use dispute between Safe Harbor, the owner and operator of an "executive retreat for individuals recovering from alcohol and drug addiction," Appellant Br. at 4, and the town and its zoning authority. Before Safe Harbor opened, East Hampton's building inspector granted it a reasonable accommodation to operate in a residential area, as the functional equivalent of a family. The building inspector later determined that Safe Harbor needed to apply for a special permit because it was a semi-public facility, not the functional equivalent of a family entitled to a reasonable accommodation. Safe Harbor appealed this decision to the Zoning Board, which affirmed. The Zoning Board concluded that Safe Harbor was not entitled to a reasonable accommodation and that it needed to apply for a special permit to operate its facility on its property.

Safe Harbor brought claims against East Hampton and the Zoning Board for violations of the Americans with

Disabilities Act ("ADA") and Fair Housing Act ("FHA"). The district court concluded that it lacked subject matter jurisdiction over Safe Harbor's claims because the claims were unripe.

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction on ripeness grounds. Kurtz v. Verizon New York, Inc., 758 F.3d 506, 511 (2d Cir. 2014). "Because ripeness is a jurisdictional inquiry, landowners bringing zoning challenges must meet the high burden of proving that we can look to a final, definitive position from a local authority to assess precisely how they can use their property before this Court may entertain their claims." Sunrise Detox V, LLC v. City of White Plains, 769 F.3d 118, 121 (2d Cir. 2014) (quoting Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 347 (2d Cir. 2005)) (alterations and quotation marks omitted). "[A] plaintiff alleging discrimination in the context of a land-use dispute is subject to the final-decision requirement unless he can show that he suffered some injury independent of the challenged land-use decision." Id. at 123. However, a landowner "will be excused from obtaining a final decision" if doing so "would be futile"; that is, "when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." Murphy, 402 F.3d at 349.

**1.** Safe Harbor's claims were not ripe because it failed to apply for the special permit that both the building inspector and Zoning Board identified as the appropriate avenue for obtaining the town's permission to operate its facility on its property. The Zoning Board's decision was final as to whether Safe Harbor is the functional equivalent of a family or a semi-public facility, but *not* as to whether it could operate at all at its chosen location. The salient issue from the ripeness perspective, however, is whether East Hampton and the Zoning Board will permit Safe Harbor to use its land in its desired way, i.e., by running an "executive retreat for individuals recovering from alcohol and drug addiction," Appellant Br. at 4. See Murphy, 402 F.3d at 347 (holding that ripeness requires a "final, definitive position from a local authority to assess *precisely* how [a landowner] can use [his] property" (emphasis added)). For this reason, both Sunrise Detox and

3

Murphy emphasized that the landowner did not appeal the adverse decision (as to the first ground for obtaining town authorization) or seek a variance (as an alternative). Id. at 348; Sunrise Detox, 769 F.3d at 124.

Safe Harbor is correct that "[t]he door has definitely closed on the issue of whether [East Hampton] will treat Safe Harbor's residents as the functional equivalent of a family." Appellant Br. at 33-34. However, when there is another, perfectly good door nearby with the sign "special permit," Safe Harbor must try to open it before running to federal court. Safe Harbor has failed to apply for the special permit as a semi-public facility, notwithstanding the building inspector's and Zoning Board's invitations that it do so. Safe Harbor thus "deprive[d] us of any certainty as to what use of [its] property would be permitted." Murphy, 402 F.3d at 353.

**2.** The district court properly concluded that Safe Harbor's intentional discrimination and retaliation claims were also unripe. Safe Harbor does not allege any "injury independent of the challenged land-use decision" that would warrant a departure from the final-decision requirement. Sunrise Detox at 123. Safe Harbor's grievance arises solely from East Hampton's and the Zoning Board's determinations that it does not satisfy one possible basis for operating its facility on its property. Safe Harbor also does not and cannot plausibly allege that East Hampton's zoning policies are discriminatory on their face or that East Hampton is manipulating its zoning process with a discriminatory animus to avoid rendering a final decision. At most, Safe Harbor alleges that animus towards wealthy, "transient" individuals, combined with negative press coverage of Safe Harbor, influenced the building inspector and Zoning Board to deny the reasonable accommodation. Such an allegation is far from sufficient to satisfy the independent injury requirement.

**3.** Safe Harbor has not alleged facts to support its claim that applying for the special permit would be futile. Like in Sunrise Detox, Safe Harbor's failure to apply for the special permit prevents us from determining whether East Hampton and, by extension, the Zoning Board "ha[ve] dug in [their] heels and made clear that all such applications will

4

be denied." Sunrise Detox, 769 F.3d at 124 (quoting Murphy, 402 F.3d at 349); see also Nenninger v. Vill. of Port Jefferson, 509 F. App'x 36, 39 (2d Cir. 2013) (holding that futility requires a "finding that the application inevitably would be *denied* on its merits"). Here, both the building inspector and Zoning Board informed Safe Harbor of the alternative avenue of applying for a special permit as a semi-public facility to continue operating the facility on the current property. Safe Harbor argues that requiring it to pursue a second ground for operating its facility on its property will allow East Hampton and the Zoning Board to erect multiple hurdles that Safe Harbor must surmount before establishing finality. We see no such abuse.

For the foregoing reasons, and finding no merit in Safe Harbor's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK