# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

156
TP 15-01243
PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF ARTHEA RUSSO, PETITIONER,

V                                        MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS AND
CITY OF JAMESTOWN POLICE DEPARTMENT, RESPONDENTS.

---

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (LINDY KORN OF COUNSEL), FOR PETITIONER.

CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (MARILYN BALCACER OF COUNSEL), FOR RESPONDENT NEW YORK STATE DIVISION OF HUMAN RIGHTS.

BOND, SCHOENECK & KING, PLLC, BUFFALO (MARK A. MOLDENHAUER OF COUNSEL), FOR RESPONDENT CITY OF JAMESTOWN POLICE DEPARTMENT.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Chautauqua County [Paul B. Wojtaszek, J.], entered April 14, 2015) to review a determination of respondent New York State Division of Human Rights. The determination dismissed the complaint of petitioner for gender discrimination and retaliation.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) dismissing her complaint alleging unlawful discrimination and retaliation. Our review of the determination, which adopted the findings of the Administrative Law Judge (ALJ) who conducted the public hearing, is limited to the issue whether it is supported by substantial evidence (*see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331; *Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106). "Courts may not weigh the evidence or reject [SDHR's] determination where the evidence is conflicting and room for choice exists. Thus, when a rational basis for the conclusion adopted by [SDHR] is found, the judicial function is exhausted" (*Granelle*, 70 NY2d at 106; *see Rainer N. Mittl, Ophthalmologist, P.C.*, 100 NY2d at 331; *Matter of City of Niagara Falls v New York State Div. of Human Rights*, 94 AD3d 1442, 1443-1444).

Contrary to petitioner's contention, there is substantial evidence to support the determination that she was not discriminated against based on her gender. "To establish a prima facie case of employment discrimination, petitioner was required to demonstrate that she was a member of a protected class, that she was qualified for her position, that she was terminated from employment or suffered another adverse employment action, and that the termination or other adverse action 'occurred under circumstances giving rise to an inference of discriminatory motive' " (*Matter of Lyons v New York State Div. of Human Rights*, 79 AD3d 1826, 1827, *lv denied* 17 NY3d 707, quoting *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 306). "The burden then shifts to the employer 'to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision' " (*Forrest*, 3 NY3d at 305). "In order to nevertheless succeed on her claim, [petitioner] must prove that the legitimate reasons proffered by the [employer] were merely a pretext for discrimination by demonstrating both that the stated reasons were false and that discrimination was the real reason" (*id.*).

While we agree with SDHR's determination that most of the employment actions at issue were not adverse because they did not constitute "materially adverse change[s] in the terms and conditions of employment" (*id.* at 306; *see Messinger v Girl Scouts of U.S.A.*, 16 AD3d 314, 314-315), we conclude that the three-day suspension imposed on petitioner is an adverse employment action (*see Lovejoy-Wilson v NOCO Motor Fuel, Inc.*, 263 F3d 208, 223; *see generally Forrest*, 3 NY3d at 306). Even assuming, arguendo, that the imposition of the adverse employment action occurred under circumstances giving rise to an inference of discrimination, we nevertheless conclude that petitioner's employer, respondent City of Jamestown Police Department (City), presented a legitimate, independent and nondiscriminatory reason to support its employment decision (*see Forrest*, 3 NY3d at 305). There is substantial evidence in the record to establish that petitioner, in her role as a court security supervisor, subjected one or more persons to heightened security measures on a regular basis either for personal reasons or for no legitimate reason, and that she caused her male subordinate to do the same. Moreover, there is substantial evidence to establish that petitioner engaged in excessive use of her personal cell phone and excessive socializing while on duty. Contrary to petitioner's contention, she was not similarly situated to the male subordinate, and she could not establish disparate treatment based on the fact that the male subordinate was not suspended for his role in subjecting certain people to heightened security measures (*see Tucker v Battery Park City Parks Corp.*, 227 AD2d 318, 318-319).

Contrary to petitioner's further contention, there is substantial evidence to support SDHR's determination that she was not subjected to retaliation. "In order to make out a claim for unlawful retaliation under state or federal law, a [petitioner] must show that '(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment

action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action' " (*Calhoun v County of Herkimer*, 114 AD3d 1304, 1306, quoting *Forrest*, 3 NY3d at 313). Once that showing is made, "the burden then shifts to [the employer] to present legitimate, independent and nondiscriminatory reasons to support [its] actions. Then, if [the employer] meet[s] this burden, [petitioner] has the obligation to show that the reasons put forth by [the employer] were merely a pretext" (*Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104).

Even assuming, arguendo, that petitioner met her initial burden, we nevertheless conclude that the City presented a legitimate, independent and nondiscriminatory reason for issuing a counseling memorandum on sexual harassment based on evidence that petitioner had been sharing sexually explicit material that she had on her cell phone (*see generally Matter of Pace Univ. v New York City Commn. on Human Rights*, 85 NY2d 125, 129). Petitioner failed to establish that the reason for the memorandum was pretextual (*see generally id.*).

Entered:  March 18, 2016                    Frances E. Cafarell
                                            Clerk of the Court