In the Matter of MICHELLE LYNN McGUIRK, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents, et al., Respondents. [30 NYS3d 561]—

Final order of respondent New York State Division of Human Rights, dated June 3, 2014, which dismissed petitioner's complaint alleging discrimination under the Human Rights Law (the proceeding having been transferred to this Court pursuant to Executive Law § 298, by order of Supreme Court, New York County [Alice Schlesinger, J.], entered Nov. 21, 2014), unanimously confirmed, without costs, the petition denied and the proceeding dismissed. Appeal from order, same court and Justice, entered on or about September 30, 2014, which declined to sign petitioner's order to show cause for a temporary restraining order, unanimously dismissed, without costs, as taken from a nonappealable order.

The determination of the Division of Human Rights dismissing petitioner's complaint, following an administrative hearing, is supported by substantial evidence (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]). Petitioner failed to meet her prima facie burden of establishing discrimination by a preponderance of the evidence, as she did not demonstrate that her termination from her employment occurred under circumstances giving rise to an inference of

discrimination (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Moreover, petitioner's former employer, Swiss Re Financial Services Corp., "clearly set[ ] forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons" to support its decision to terminate petitioner's employment (*id.* at 629).

Petitioner has failed to establish that the administrative hearing was not fair. New York law grants an administrative law judge (ALJ) administering a hearing the "powers to control the presentation of evidence and the conduct of the hearing," including by "foreclos[ing] the presentation of evidence that is cumulative, argumentative, or beyond the scope of the case" (9 NYCRR 465.12 [f] [3]). The ALJ properly exercised his discretion in denying petitioner's request to amend the complaint (9 NYCRR 465.4 [a]).

We dismiss the appeal from the order declining to sign the order to show cause, since it is not an appealable order (*see McKanic v Amigos del Museo del Barrio*, 74 AD3d 639 [2010], *appeal dismissed* 16 NY3d 849 [2011]).

We have considered the petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.