McGuirk v. Swiss Re Fin. Servs. Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of October, two thousand seventeen.

Present:       ROSEMARY S. POOLER,
               DEBRA ANN LIVINGSTON,
                          *Circuit Judges*.
               GEOFFREY W. CRAWFORD,[1]
                          *District Judge*.

_____

MICHELLE L. MCGUIRK,

                 *Plaintiff-Appellant*,

                 v.                                           16-2542-cv

SWISS RE FINANCIAL SERVICES, CORP.,
SWISS REINSURANCE AMERICA CORP., SWISS
RE FINANCIAL PRODUCTS CORP., WALTER B. KEILHOLZ,
DAVID J. BLUMBER, CHRISTIAN MUMENTHALER,
CHARLOTTE GUBLER, KANWARDEEP AHLUWALIA,
DAVID GODFREY, ERIKA OZER, JOHN DOES,

                 *Defendants-Appellees*.

_____

---

[1] Judge Geoffrey W. Crawford, United States District Court for the District of Vermont, sitting by designation.

Appearing for Appellant:       Michelle L. McGuirk, Pro Se, New York, N.Y.

Appearing for Appellees:       Christopher H. Lowe, Seyfarth Shaw LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Michelle L. McGuirk, proceeding pro se, appeals from the June 17, 2016 memorandum decision and order dismissing her complaint raising employment discrimination and related claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Except as discussed below, we affirm for largely the reasons stated in the district court's opinion. For the most part, McGuirk's claims are either time barred or precluded by the finding of the New York State Division of Human Rights that there was no discrimination. *See McGuirk v. New York State Div. of Human Rights*, 139 A.D.3d 570 (1st Dep't 2016). She otherwise failed to plead plausible claims.

We agree with McGuirk that she properly pled a hostile work environment claim, but affirm the district court's dismissal because she failed to properly exhaust that claim before the New York State Division of Human Rights. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) (we may affirm "on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely"). Exhaustion of administrative remedies is a pre-condition to bringing suit in federal court, though not a jurisdictional requirement. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). McGuirk's complaint before the Division of Human Rights did not raise her hostile work environment claim. No equitable defense to the failure to exhaust applies. Since McGuirk exhausted other claims, she was not prevented from raising the hostile work environment claim. The hostile work environment claim was not reasonably related to the other claims, so the agency did not have a basis to investigate McGuirk's allegations. *See Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) ("The central question is whether the complaint filed with the [agency] gave that agency adequate notice to investigate [the unexhausted claims]." (internal quotation marks omitted)).

We have considered the remainder of McGuirk's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED. McGuirk's motion to remand is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk