Matter of Mario v New York State Div. of Human Rights (2021 NY Slip Op 07358)





Matter of Mario v New York State Div. of Human Rights


2021 NY Slip Op 07358


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


754 TP 20-01596

[*1]IN THE MATTER OF MARC A. MARIO, PETITIONER,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS. 






JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR PETITIONER.
CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (AARON M. WOSKOFF OF COUNSEL), FOR RESPONDENT NEW YORK STATE DIVISION OF HUMAN RIGHTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR RESPONDENT NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION. 


 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [David A. Murad, J.], entered August 3, 2020) to review a determination of respondent New York State Division of Human Rights. The determination dismissed the complaint of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner filed a complaint with respondent New York State Division of Human Rights (DHR), alleging that his employer, respondent New York State Department of Corrections and Community Supervision (DOCCS), unlawfully discriminated and retaliated against him. After a public hearing before an Administrative Law Judge (ALJ), the Commissioner of DHR adopted the recommended order of the ALJ and dismissed the complaint. Petitioner thereafter commenced this proceeding to review the Commissioner's determination, which was transferred to this Court pursuant to Executive Law § 298.
We reject petitioner's contention that the Commissioner erred in determining that petitioner's allegations regarding conduct occurring before February 28, 2017, are untimely. Executive Law § 297 (5) provides that a complaint alleging unlawful discrimination must be filed within one year of the alleged unlawful discriminatory practice. "If the alleged unlawful discriminatory practice is of a continuing nature, the date of its occurrence shall be deemed to be any date subsequent to its inception, up to and including the date of its cessation" (9 NYCRR 465.3 [e]; see State Div. of Human Rights v Marine Midland Bank, 87 AD2d 982, 982-983 [4th Dept 1982]). " '[A] continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice' " (Clark v State of New York [appeal No. 2], 302 AD2d 942, 945 [4th Dept 2003]). The acts occurring before and during the limitations period must be " 'sufficiently similar . . . to justify the conclusion that both were part of a single discriminatory practice' " (id.). Here, petitioner filed the complaint on February 28, 2018, and therefore the alleged incidents occurring before February 28, 2017 are outside the limitations period (see Executive Law § 297 [5]). We conclude that petitioner failed to establish that the alleged acts occurring before and during the limitations period were not separate and unrelated incidents, i.e., he failed to establish "that a specific related incident took place within the limitations period, which would have invoked the continuous violation doctrine" (Matter of Lozada v Elmont Hook & Ladder Co. No. [*2]1, 151 AD3d 860, 862 [2d Dept 2017]; cf. Clark, 302 AD2d at 945). Moreover, petitioner failed to establish that the incidents occurring within the limitations period had a discriminatory motive (see Robinson v New York State Div. of Human Rights, 277 AD2d 76, 78 [1st Dept 2000], lv dismissed 96 NY2d 775 [2001]).
We also reject petitioner's contention that the ALJ erred by refusing to allow petitioner to offer rebuttal testimony and refusing to accept petitioner's post-hearing rebuttal submissions. Broad discretion is given to an ALJ in controlling the presentation of evidence and conduct of the hearings, including the power "to foreclose the presentation of evidence that is cumulative, argumentative, or beyond the scope of the case" (9 NYCRR 465.12 [f] [3]; see Matter of McGuirk v New York State Div. of Human Rights, 139 AD3d 570, 571 [1st Dept 2016]; see generally Matter of State Div. of Human Rights v Berler, 46 AD3d 32, 42 [2d Dept 2007]). Here, the ALJ did not abuse his discretion in denying petitioner's request to testify in rebuttal with respect to his work productivity inasmuch as petitioner had ample opportunity to present such evidence in his case-in-chief and during cross-examination. Moreover, the ALJ did not abuse his discretion in concluding that such evidence did not have any bearing on the allegedly discriminatory actions. We further conclude that the ALJ did not abuse his discretion in rejecting petitioner's written rebuttal submission because the submission was made without permission after the close of the hearing (see generally 9 NYCRR 465.12 [b] [3]; [f]).
Contrary to petitioner's contention, the determination that petitioner failed to establish that he was subject to retaliation is supported by substantial evidence. "In order to make out the claim [for unlawful retaliation], [petitioner] must show that (1) [petitioner] has engaged in protected activity, (2) [the] employer was aware that [petitioner] participated in such activity, (3) [petitioner] suffered an adverse employment action based upon [such] activity, and (4) there is a causal connection between the protected activity and the adverse action" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]). "Once that showing is made, 'the burden then shifts to [the employer] to present legitimate, independent and nondiscriminatory reasons to support [its] actions. Then, if [the employer] meet[s] this burden, [petitioner] has the obligation to show that the reasons put forth by [the employer] were merely a pretext' " (Matter of Russo v New York State Div. of Human Rights, 137 AD3d 1600, 1602 [4th Dept 2016]). Here, petitioner alleged that he was retaliated against because he was formally counseled for alleged work violations only after he made his complaints of discrimination. Even assuming, arguendo, that petitioner established the first three elements of unlawful retaliation, we conclude that DOCCS established that there were legitimate reasons for counseling petitioner, including incidents of insubordination and leaving work early without notifying the supervisor, and petitioner failed to show that the reasons given by DOCCS were a pretext for unlawful retaliation (see id.; see generally Wallace v SUNY Upstate, 162 AD3d 1719, 1720 [4th Dept 2018]).
We have considered petitioner's remaining contention and conclude that it is without merit.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court