Matter of Phillips v New York State Div. of Human Rights (2023 NY Slip Op 03659)

Matter of Phillips v New York State Div. of Human Rights

2023 NY Slip Op 03659

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

994 TP 22-01050

[*1]IN THE MATTER OF KELLY PHILLIPS, PETITIONER,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND CITY OF ROCHESTER, RESPONDENTS. 

JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR PETITIONER.
LINDA S. KINGSLEY, CORPORATION COUNSEL, ROCHESTER (YVETTE CHANCELLOR GREEN OF COUNSEL), FOR RESPONDENT CITY OF ROCHESTER. 

 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Sam L. Valleriani, J.], entered June 22, 2022) to review a determination of respondent New York State Division of Human Rights. The determination dismissed the complaint of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 and Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) dismissing her complaint alleging unlawful discrimination. Our review of the determination, which adopted the findings of the Administrative Law Judge (ALJ) who conducted the public hearing, " 'is limited to consideration of whether substantial evidence supports the agency determination' " (Matter of Scheuneman v New York State Div. of Human Rights, 147 AD3d 1523, 1524 [4th Dept 2017], quoting Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [2003]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). " 'Courts may not weigh the evidence or reject [SDHR's] determination where the evidence is conflicting and room for choice exists. Thus, when a rational basis for the conclusion adopted by [SDHR] is found, the judicial function is exhausted' " (Matter of Russo v New York State Div. of Human Rights, 137 AD3d 1600, 1600 [4th Dept 2016], quoting Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106 [1987]).
Contrary to petitioner's contention, there is substantial evidence to support the determination that she was not discriminated against based on her gender. To establish a prima facie case of employment discrimination, petitioner was required to demonstrate that she was a member of a protected class, that she was qualified for her position, that she suffered an adverse employment action, and that the adverse action "occurred under circumstances giving rise to an inference of discriminatory motive" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 306 [2004]; see Matter of Lyons v New York State Div. of Human Rights, 79 AD3d 1826, 1827 [4th Dept 2010], lv denied 17 NY3d 707 [2011]). We agree with SDHR that petitioner failed to establish that she suffered an adverse employment action arising out of the refusal of the Rochester Police Department (RPD) to issue a smaller service weapon (see Matter of Gordon v New York State Dept. of Corr. & Community Supervision, 138 AD3d 1477, 1478 [4th Dept 2016]; Lyons, 79 AD3d at 1827). Petitioner further failed to demonstrate that any allegedly adverse employment action " 'occurred under circumstances giving rise to an inference of discrimination' " (Gordon, 138 AD3d at 1478, quoting Forrest, 3 NY3d at 308).
Petitioner's contentions concerning other alleged adverse employment actions are not properly before us inasmuch as the adverse action alleged in the complaint filed with SDHR is limited to the RPD's failure to issue petitioner a smaller service weapon (see generally 9 NYCRR 465.3 [c] [3]) and there is no evidence that either petitioner or the SDHR amended the complaint to expand the scope of the case (see 9 NYCRR 465.4 [a], [c]; see generally Matter of Niagara Frontier Transp. Auth. v Nevins, 295 AD2d 887, 887 [4th Dept 2002]; Matter of Presbyterian Hosp. of City of N.Y. v State Div. of Human Rights, 241 AD2d 319, 320 [1st Dept 1997]).
Finally, we conclude that the ALJ did not abuse his discretion in denying petitioner's request to reopen the hearing. The evidence adduced provided the ALJ with a sufficient basis to determine that petitioner did not suffer an adverse employment action as a result of discrimination, and the additional evidence that petitioner sought to introduce was beyond the scope of the case (see 9 NYCRR 465.12 [f] [3], [13]; see generally Matter of Mario v New York State Div. of Human Rights, 200 AD3d 1591, 1592-1593 [4th Dept 2021], lv denied 38 NY3d 909 [2022]; Matter of McGuirk v New York State Div. of Human Rights, 139 AD3d 570, 571 [1st Dept 2016]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court