Matter of Osorio v New York State Div. of Human Rights (2025 NY Slip Op 01743)

Matter of Osorio v New York State Div. of Human Rights

2025 NY Slip Op 01743

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

201 TP 24-01441

[*1]IN THE MATTER OF PEDRO OSORIO, PETITIONER,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS AND MCALPIN INDUSTRIES, INC., RESPONDENTS. 

FAMIGHETTI & WEINICK, PLLC, MELVILLE (MATTHEW WEINICK OF COUNSEL), FOR PETITIONER.
GALLO & IACOVANGELO, ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR RESPONDENT MCALPIN INDUSTRIES, INC. 

 Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wayne County [Richard M. Healy, A.J.], entered July 30, 2024) to review a determination of respondent New York State Division of Human Rights. The determination, among other things, dismissed petitioner's complaint in its entirety. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (SDHR) dismissing his complaint against respondent McAlpin Industries, Inc. (McAlpin), which alleged discrimination on the basis of age, race, color, and national origin, hostile work environment, and retaliation. Our review of the determination, which adopted the findings of the Administrative Law Judge (ALJ) who conducted the public hearing, "is limited to consideration of whether substantial evidence supports the agency determination" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [2003]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]; Matter of Scheuneman v New York State Div. of Human Rights, 147 AD3d 1523, 1524 [4th Dept 2017]). "Although a contrary decision may be reasonable and also sustainable, a reviewing court may not substitute its judgment for that of the Commissioner [of SDHR] if [their determination] is supported by substantial evidence" (Matter of Consolidated Edison Co. of N.Y. v New York State Div. of Human Rights, 77 NY2d 411, 417 [1991], rearg denied 78 NY2d 909 [1991]).
Contrary to petitioner's contention, there is substantial evidence to support the determination that he was not discriminated against on the basis of his age, race, color, or national origin (see Executive Law § 296 [1] [a]). To establish a prima facie case of discrimination, petitioner was required to demonstrate that he was a member of a protected class, that he was qualified for his position, that he suffered an adverse employment action, and that the adverse action "occurred under circumstances giving rise to an inference of discriminatory motive" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 306 [2004]; see Matter of Phillips v New York State Div. of Human Rights, 217 AD3d 1595, 1596 [4th Dept 2023]). Here, we agree with SDHR that petitioner failed to establish a prima facie case of discrimination because the written warnings he received from McAlpin did not constitute an adverse employment action (see generally Forrest, 3 NY3d at 306; Sims v Trustees of Columbia Univ. in the City of N.Y., 168 AD3d 622, 623 [1st Dept 2019]; Matter of Russo v New York State Div. of Human Rights, 137 AD3d 1600, 1601 [4th Dept 2016]).
Contrary to petitioner's further contention, we conclude that there is substantial evidence to support SDHR's determination that he was not subjected to retaliation following his complaints of workplace discrimination. "In order to make out [a] claim [for unlawful retaliation], [a petitioner] must show that (1) [the petitioner] has engaged in protected activity, (2) [the] employer was aware that [the petitioner] participated in such activity, (3) [the petitioner] suffered an adverse employment action based upon [such] activity, and (4) there is a causal connection between the protected activity and the adverse action" (Forrest, 3 NY3d at 312-313; see Matter of Mario v New York State Div. of Human Rights, 200 AD3d 1591, 1593 [4th Dept 2021], lv denied 38 NY3d 909 [2022]). "Once that showing is made, 'the burden then shifts to [the employer] to present legitimate, independent and nondiscriminatory reasons to support [its] actions. Then, if [the employer] meet[s] this burden, [the petitioner] has the obligation to show that the reasons put forth by [the employer] were merely a pretext' " (Russo, 137 AD3d at 1602).
Here, petitioner alleged that he was retaliated against because he was terminated after he made several complaints of discrimination to McAlpin's human resources staff. It is undisputed that petitioner met his initial burden with respect to his retaliation claim. Nonetheless, we conclude that there is substantial evidence in the record to support the determination that McAlpin "present[ed] legitimate, independent and nondiscriminatory reasons to support [its] action[ ]" in terminating petitioner's employment (id.). Specifically, substantial evidence adduced at the hearing established that petitioner was terminated by McAlpin because, in April 2020, during the early months of the COVID-19 pandemic, he purposefully coughed and sneezed on his direct supervisor as a joke, and that, in doing so, he violated the terms of McAlpin's employee handbook. We further conclude that petitioner failed to establish that McAlpin's proffered reason for his termination was a pretext for unlawful retaliation (see Mario, 200 AD3d at 1593; Russo, 137 AD3d at 1602). We further conclude that there is substantial evidence to support SDHR's determination that petitioner was not subjected to a hostile work environment under the circumstances of this case (see Executive Law § 296 [1] [h]; see generally Golston-Green v City of New York, 184 AD3d 24, 41 n 3 [2d Dept 2020]).
Finally, we have considered petitioner's remaining contentions and conclude that they are without merit.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court